## THOMAS CARLISLE *versus* JOHN DODGE.

The clause in the constitution, which declares that no clerk of any court " shall draw any writ originating a civil action," was intended only to prohibit clerks from making writs returnable to the courts of which they are clerks. And the clerk of the common pleas in one county, is not a clerk of the same court in relation to another county, within the meaning of this clause in the constitution.

THIS was a writ of error, brought to reverse a judgment of the court of common pleas in this county. It appeared by the record of the proceedings in the court below, that the plaintiff in error sued out a writ from the office of the clerk of the court of common pleas in this county, returnable at the October term of the same court, 1827, in which writ he inserted a declaration upon a promissory note. To which writ the defendant, at the term when it was returnable, pleaded in abatement, that the same writ was drawn and made by W. Farrar, who, at the time of making and drawing the same writ, was clerk of the said court of common pleas in and for the county of Coos.

To this plea there was a demurrer, and joinder in de-murrer, and at February term of the common pleas in this county, 1828, judgment was rendered that the writ abate.

*Bell*, for the plaintiff in error.

*Pearson*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The constitution declares, that " the judges of the courts shall appoint their respective clerks, to hold their office during pleasure ; and no such clerk shall act as an attorney, or be of counsel in any cause in the court of which he is clerk, nor shall he draw any writ orig-inating a civil action." The last clause, in this provis-ion of the constitution, is in terms broad enough to amount to a general prohibition, forbidding clerks to draw writs in any case. But in giving a construction to a particular clause in the constitution we must look to the spirit of the whole provision. A clerk is prohibited, in the first place, from acting as an attorney, or counsel, in any cause in the court of which he is clerk. This pro-hibition leaves him at liberty to act as attorney, or coun-sel, in any other court. And if he may act as attorney in another court, why should he be prohibited from mak-ing a writ in another court ? Why should he be prohib-ited from making a writ, and yet be permitted to do all other business of an attorney in other courts ? We are unable to conjecture any sound reason for such a distinct-ion. And believing, as we do, that it could not have been the intention of the framers of the constitution to make a distinction, where no reason for a distinction can be conjectured to exist, we think that the clause which prohibits clerks from making writs, must be construed to mean writs in causes in the courts of which they are clerks. In other words, we think that the meaning is the same as it must have been understood to be, had the language been, " no clerk shall act as an attorney, or be of counsel, nor shall he draw any writ originating

Carlisle
*v.*
Dodge.

a civil action, in any cause in the court of which he is clerk."

This construction, which seems to us to be a fair and reasonable construction, is confirmed by other clauses in the constitution. There are in the constitution the following provisions : " No judge of any court, or justice of the peace, shall act as attorney, or be of counsel to any party, or originate any civil suit, in matters which shall come, or be brought, before him as judge or justice of the peace."

" No judge, or register of probate shall be of counsel, act as advocate, or receive any fees as advocate or counsel, in any probate business which is pending or may be brought into any court of probate in the county, of which he is judge or register."

According to the construction, which has always been given to these provisions in the constitution, no justice of the peace can make a writ, or be concerned as counsel, in any case brought, or to be brought, before him as a justice of the peace. But he may act as counsel in any cause before any other justice, or before any other court in the state.

A judge of the common pleas cannot be of counsel in any cause in that court. And it is supposed that he cannot be of counsel in any cause before a justice of the peace, because, as actions tried before justices of the peace may be carried by appeal to the court of common pleas, such cases may come before him as a judge. But there is nothing in these provisions in the constitution, which forbids him to act as attorney, or counsel, in this court. No judge of that court would probably deem it proper to act as counsel here, but he is not forbidden so to act by these provisions in the constitution.

The judges of this court cannot act as attornies, or counsel, in any cases, because the proceedings in all inferior tribunals may be brought here, either by appeal, writ of error, or certiorari.

Judges and registers of probate cannot be of counsel in probate matters in their counties. But they may be of counsel in probate matters in other counties, and they may, and constantly do, act as attornies and counsellors in all other courts.

The construction which we give to the clause relative to clerks, seems to us to be in perfect accordance with the spirit of these provisions of the constitution, as they have always been understood in the community.

But can a clerk of the court of common pleas in one county lawfully make a writ returnable to that court in another county ? A clerk of the court of common pleas in one county, is not a clerk of that court in another county, nor has he any connexion with the court sitting in another county. The same judges constitute a court in all the counties. But their records and business are as distinct and separate in one county, from those of all other counties, as if there had been a separate court established for each county, composed of different judges in the different counties. And we are of opinion that a clerk of the court of common pleas in the county of Coos, cannot be considered as a clerk of that court in relation to the county of Grafton within the meaning of this clause in the constitution.

We are therefore of opinion, that the judgment in the court below must be reversed.